991 F.2d 793
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Dorothy J. WILLIAMSON, individually and as Administratrix of
the Estate of Robert Jay Williamson, deceased,
Plaintiff-Appellant,
v.
CITY OF VIRGINIA BEACH, VIRGINIA, a municipal corporation;
Charles R. Wall, Chief of Police, City of Virginia Beach;
M. Collins, Sergeant, individually and in his official
capacity as police officer for the City of Virginia Beach,
Virginia; J.C. Moyers, Sergeant, individually and in his
official capacity as police officer for the City of Virginia
Beach, Virginia; R.W. Pickens, Detective, individually and
in his official capacity as police officer for the City of
Virginia Beach, Virginia; B.B. Batten, Detective,
individually and in his official capacity as police officer
for the City of Virginia Beach, Virginia, Defendants-Appellees,
and
W.L. Deanes, Captain, Commanding Officer Vice Unit, Virginia
Beach, Defendant.
 No. 92-1420.
 United States Court of Appeals, Fourth Circuit.
 Argued March 4, 1993.
Decided April 16, 1993.
 
 Appeal from the United States District Court for the Eastern District of Virginia, at Norfolk (CA-90-1861-N), William T. Prince, Magistrate Judge.
 Andrew Michael Sacks, Sacks, Sacks & Imprevento, Norfolk, Va., for plaintiff-appellant.
 Richard Jay Beaver, Asst. City Atty., Office of the City Atty., argued (L. Steven Emmert, Asst. City Atty., Office of the City Atty., Virginia Beach, VA, on brief), for defendants-appellees.
 E.D.Va., 786 F.Supp. 1238.
 AFFIRMED.
 Before ERVIN, Chief Judge, MURNAGHAN, Circuit Judge, and HILL, Senior Circuit Judge of the United States Court of Appeals for the Eleventh Circuit, sitting by designation.
 OPINION
 PER CURIAM:
 
 
 1
 Dorothy J. Williamson brought this action in her individual capacity and as the administratrix of her deceased son's estate. She bases her claims on 42 U.S.C. § 1983 and enumerates various constitutional violations surrounding her son's death. Williamson sued police officers M. Collins, J.C. Moyers, R.W. Pickens, and B.B. Batten in both their individual and official capacities, Chief of Police Charles R. Wall in his official capacity, and the City of Virginia Beach.
 
 
 2
 All defendants filed a motion for summary judgment, and the parties consented to a determination on the motion by a magistrate judge pursuant to 28 U.S.C. § 636(c). The magistrate judge carefully reviewed Williamson's various charges of constitutional violations and found that Williamson had not identified any legitimate, constitutionally based rights capable of being redressed by section 1983. In addition, the magistrate judge ruled that the individual defendants were protected from liability by qualified immunity.
 
 
 3
 Williamson raised the following claims before the magistrate judge. First, against the four police officers as individuals, Williamson alleged violations of decedent's rights under the DUE PROCESS Clause of the Fourteenth Amendment. Specifically, Williamson asserted that the officers recruited the decedent, a minor, for the purpose of using him as an informant for narcotics investigations and, in doing so without obtaining parental permission, acted with deliberate indifference to his rights, resulting in the decedent's suicide. Those actions, it is alleged, were in violation of the duty owed the decedent because of his special relationship with the officers. Williamson further claimed that the officers' conduct violated the decedent's constitutional rights to the child-parent relationship and to be free from violations of his physical and emotional integrity, his right to be free from unjustified intrusions on personal security, and his right to personal privacy.
 
 
 4
 Second, Williamson claimed that all defendants in their official capacities violated the decedent's constitutional rights by establishing and condoning a policy of using minors as informants and by failing to train police officers with regard to the proper limits of their authority to use minor informants. Third, Williamson claimed on her own behalf that the officers' conduct violated her constitutional rights to be free from the deprivation of the parent-child relationship by the death of her son, and to the care, custody, and management of decedent's affairs, including the right to consent or not to the use of decedent as an informant. To all of these allegations, Williamson contended that qualified immunity would not apply.
 
 
 5
 Our review of the record, the magistrate judge's findings of facts and conclusions of law, and the arguments of counsel discloses that the magistrate judge aptly dealt with these issues. The magistrate judge made an exhaustive review of the applicable precedent and found no basis in law or fact to support Williamson's claims for recovery. Accordingly, we affirm the judgment of the magistrate judge* granting the defendants' motion for summary judgment for the reasons stated in his opinion. Williamson v. City of Virginia Beach, Virginia, No. 90-1861-N (E.D.Va. Mar. 13, 1992).
 
 
 6
 AFFIRMED.
 
 
 
 *
 Although adopting the magistrate judge's analysis as to the resolution of the issues of this case, we do not purport to join the magistrate judge in reaching the following three legal conclusions. First, to the extent that the magistrate judge's opinion appears to diminish the obligation of police officers to investigate potential informants, Williamson v. City of Virginia Beach, Virginia, No. 90-1861-N, slip op. at 31-32 (E.D.Va. Mar. 13, 1992), we hold by what we believe to be the correct standard: Officers have an affirmative duty to investigate potential informants, and when officers have reason to know of a potential informant's questionable mental history, they must refrain from pursuing the informant relationship. Clearly, in this case the officers had no reason to know beyond the scope of their reasonable investigation that the decedent had grave mental problems
 Next, we feel that the magistrate judge unnecessarily reached the issues of (1) whether the "ministerial-discretionary" distinction should be eliminated from the analysis of the application of qualified immunity, Williamson, No. 90-1861-N, slip op. at 48-49 n. 28, and (2) what the appropriate standard should be for determining whether a right is clearly established in the context of qualified immunity, id. at 51-53. The magistrate judge's treatment of the qualified immunity issue adequately dispensed with this case without the additional resolution of these difficult and unsettled legal issues. Therefore, we leave for another day the determination of these matters.